**SO ORDERED.**

**SIGNED this 29th day of May, 2007.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| JAMES E. CAIN & CATHERINE A. ESSNER-CAIN | 07-50600-C |
| *DEBTORS* | CHAPTER 7 |

### ORDER REGARDING REAFFIRMATION AGREEMENT WITH WELLS FARGO FINANCIAL TEXAS, INC.

CAME ON for consideration the foregoing matter. The debtors desire to reaffirm their home mortgage with Wells Fargo Financial Texas, Inc. It is not known whether the mortgage is a home equity mortgage or a purchase money mortgage. If it is the former, then "reaffirmation" of this debt would violate various provisions of the Texas Constitution, which prohibit the recovery of a home equity loan as an *in personam* liability. Nothing in section 524(c) can or should be read to pre-empt those provisions of the Texas Constitution. *See In re Davis*, 105 F.3d 1017 (5th Cir. 1999). Thus, the reaffirmation of this debt, to the extent that it purports to create an *in personam* liability not available under state law to this lender, is ineffective against these debtors.

There is an additional problem with the reaffirmation agreement, one created by counsel for the debtor. On the first page of Form 240A, there is a box which directs the filing person to "check box as directed in Part D." The choices offered are "Presumption of Undue Hardship" and "No Presumption of Undue Hardship." The debtors here checked the second box (*i.e.*, "no presumption of undue hardship"). However, Part D is not completed. Thus, the calculation which would disclose whether an undue hardship is created has not been performed and attested to by the debtors.[1] Thus, it appears that the debtors (with the advice of counsel) simply *assert* that no presumption has arisen, with nothing to support that assertion.

All papers filed in federal bankruptcy court are subject to the strictures of Rule 9011 of the Federal Rules of Bankruptcy Procedure. This pleading, with its box checked, represents a state of facts that is not supported, because Part D was not completed. As such, the pleading is a technical violation of Rule 9011. Technical though the violation is, it is one with consequences as well, as it encourages the court (which must review these agreements to fulfill its obligations imposed by section 524(m)) to rely on a representation that may not in fact be true.[2] Part D *must* be filled out in order for the choice to be made on the first page of Form 240A, to avoid misrepresentation that could violate either of these rules.

The court has reviewed this reaffirmation agreement, and found that the monthly payment contemplated is $688.23 per month, commencing in April 2007. The debtors' schedules show that

---

[1] Part D requires the debtor to disclose monthly income, and monthly expenses excluding the monthly expense of the debt being reaffirmed, and to subtract expenses from income. If the result is less than the amount of money required to pay the reaffirmed debt, then a presumption of undue hardship arises. If the calculation is not performed, then it will not be known whether the proposed reaffirmation will or will not impose an undue hardship. In addition, if the income and expense items in Part D fail to match the income and expense items on Schedules I and J, then the debtors are obligated to include with their reaffirmation agreement an explanation for the discrepancy. *See* Interim Bankruptcy Rule 4008. If the calculation in Part D is never completed, then it will not be known whether there is a discrepancy that has to be explained.

[2] It might be added that, if the misrepresentation is made by counsel, it may also constitute a grievable offense under State Bar rules. *See* Rule 3.03, Texas Disciplinary Rules of Professional Conduct (Candor Toward the Tribunal).

their monthly mortgage payment as of filing was $724.00 per month, exclusive of insurance and taxes. It would appear, then, that the reaffirmation agreement in this case indeed does not constitute an undue hardship for the debtors, as their Schedules I and J indicated they could afford this house payment even when it was $36.00 a month higher. Thus, the court should not withhold its approval for this agreement on that ground.

After reviewing the case file, then, the court concludes that the reaffirmation agreement should be approved (though with the *caveat* that, if the underlying debt is a home equity mortgage, the court's "approval" of the agreement will not insulate the creditor from any of the remedies afforded the debtors under the Texas Constitution, nor will that approval constitute a judicial "conversion" of the liability from *in rem* to *in personam* if the loan is a Texas home equity loan).

As for the matter of the technical Rule 9011 violation, the court deems it sufficient that, by this order, counsel is warned of the violation and is appropriately admonished. The court is confident that counsel will see to it that future reaffirmation agreements filed with this court will be properly completed.

# # #